**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21934-BLOOM/Elfenbein**

ZAND BANK P.J.S.C.,

      Plaintiff,

v.

IBANERA LLC,

      Defendant.

_____/

**OMNIBUS ORDER ON MOTION TO SET ASIDE DEFAULT**
**AND MOTION FOR FINAL DEFAULT JUDGMENT**

      **THIS CAUSE** is before the Court upon Plaintiff Sand Bank P.J.S.C.'s ("Plaintiff") Motion for Final Default Judgment, ECF No. [12] ("Motion for Default Judgment"), and Defendant Ibanera LLC's ("Defendant") Motion to Set Aside Default, ECF No. [13] ("Motion to Set Aside Default"). The Court has reviewed the Motions, the supporting and opposing submissions, the record in this case, the relevant law and is otherwise fully advised. For the reasons set forth below, the Motion to Set Aside Default is granted, and the Motion for Default Judgment is denied as moot.

**I.      BACKGROUND**

      Plaintiff filed this action in March 2026, asserting against Defendant claims of Breach of Contract (Count I) and Conversion (Count II). ECF No. [1]. On March 25, 2026, Plaintiff served Defendant with the summons and copy of the Complaint by leaving them with Dylan Shurluck, who was described as being authorized to accept them at a "private mail box/virtual office." ECF No. [8]. On April 16, 2026, Plaintiff moved for clerk's entry of default as to Defendant, ECF No. [9], which the Clerk granted that same day, ECF No. [10]. The Court thereafter directed Plaintiff to move for default final judgment. ECF No. [11].

Plaintiff did so on April 22, 2026, filing its Motion for Default Judgment. ECF No. [12]. However, on April 23, 2026, Defendant appeared, filing its Motion to Set Aside Default. ECF No. [13]. Both Motions are now fully briefed. *See* ECF Nos. [16], [17], [19], [20].

## II.   LEGAL STANDARD

### A.   Set Aside Default

Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a "mutable" and "liberal" standard, "varying from situation to situation" depending on the facts of a given case. *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). The good cause standard that is utilized in setting aside an entry of default is less rigorous than the required showing to set aside a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990). Further, the Eleventh Circuit maintains a "strong policy of determining cases on their merits and we, therefore, view defaults with disfavor." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). In considering whether to set aside a clerk's entry of default, "[c]ourts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana*, 88 F.3d at 951. Put differently, courts consider: "(a) whether the default was culpable or willful; (b) whether setting it aside would prejudice the adversary, (c) whether the defaulting party presents a meritorious defense; (d) whether there was significant financial loss to the defaulting party; and (e) whether the defaulting party acted promptly to correct the default." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (citation omitted).

2

**B.     Default Judgment**

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "[B]efore entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis in original). "[A] default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997) (citations omitted).

If the complaint states a claim, the Court must then determine the amount of damages and, if necessary, "may conduct hearings . . . [to] determine the amount of damages." Fed. R. Civ. P. 55(b)(2)(B). However, where all the essential evidence to determine damages is on the paper record, an evidentiary hearing on damages is not required. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also Evans v. Com. Recovery Sys., Inc.*, No. 13-61031-CIV, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." (citation omitted)).

**III.     DISCUSSION**

In the Motion to Set Aside Default, Defendant argues that Plaintiff never properly served the summons and Complaint. ECF No. [13-1] at 3–5. Specifically, Defendant argues that Plaintiff did not follow the requirements for service by mail, did not serve Defendant's registered agent, and served a private mailbox even though another address was publicly available—all in

3

contravention of the laws applicable to service of process. *Id*. Moreover, Defendant argues that it has meritorious defenses—that is, in this breach of contract and conversion action, it intends to assert counterclaims for breach of contract and set-off, because it identified suspicious transactions and retained the moneys, and it was *Plaintiff* who never responded to requests for information. *Id*. at 5–6. Finally, Defendant argues that Plaintiff will not be substantially prejudiced by setting aside the default, as the Motion to Set Aside Default was filed promptly. *Id*. at 6.

Plaintiff responds that Defendant's default was willful and strategic, insofar as Defendant had advance and actual notice of the action. ECF No. [17] at 7–8. Defendant participated in several rounds of pre-litigation correspondence and participated in a separate hearing in which the parties discussed this action. *Id*. at 8. Moreover, Defendant fails to come forward with a proposed responsive pleading, and its service arguments fail insofar as the same method of service was used in a separate case in which Defendant appeared. *Id*. at 9. Furthermore, Defendant fails to raise any meritorious defenses, as it "attaches no proposed answer asserting affirmative defenses," nor does it cite "to a provision of the [Master Services Agreement] or Florida law that could arguably sanction its self-described behavior." *Id*. at 11. Finally, Plaintiff argues it has been and continues to be prejudiced by Defendant's actions, as Defendant's Motion to Set Aside Default "does not seriously dispute in any way that it is in possession of over $23 million of funds belonging to" Plaintiff. *Id*. at 13. The "time and expense of prosecuting" this suit constitutes prejudice. *Id*. at 14.

Defendant replies that it has identified meritorious defenses—specifically, that it identified nearly $20 million in suspicious transactions, took the proper steps, retained the moneys due to concerns of potential criminal activity, and was sued during the wind-down period after Plaintiff terminated the Master Services Agreement. ECF No. [20] at 4–7. Moreover, there is no requirement that a party attach its proposed response to a motion to set aside default. *Id*. at 7–8.

Furthermore, Plaintiff failed to serve Defendant in accordance with the Federal Rules of Civil Procedure and Florida law; actual notice does not excuse improper service of process. *Id.* at 9–10. Finally, Plaintiff will not be prejudiced if the default is set aside. *Id.* at 10.

### A. Service

As an initial matter, the Court finds that Defendant was not properly served in this case, undermining a finding of "culpable or willful" default. *Johnson*, 436 F. App'x at 945 (citation omitted). Federal Rule of Civil Procedure 4(h) provides that a corporation within the United States may be served "in the manner prescribed by Rule 49(e)(1) for serving an individual." Rule 4(e)(1), in turn, provides that an individual may be served by "following state law for serving a summons." Fed. R. Civ. P. 4(e)(1).

Florida Statutes, § 48.031(6) provides that "[i]f the only address for a person to be served which is discoverable through public records is a private mailbox, a virtual office, or an executive office or mini suite, substituted service may be made by leaving a copy of the process with the person in charge of the private mailbox, virtual office, or executive office or mini suite, but only if the process server determines that the person to be served maintains a mailbox, a virtual office, or an executive office or mini suite at that location." Based upon the Return of Service, it appears that service was attempted pursuant to this provision. ECF No. [8]. However, Defendant's Sunbiz page with the Florida Division of Corporations clearly indicates a principal address of 8850 W. Oakland Blvd., #201, Sunrise, FL 33351. ECF No. [13-3]. Thus, the private mailbox or virtual office that was actually served, ECF No. [8], was not the only discoverable address.[1]

---

[1] The Court is not compelled by Plaintiff's argument that this was the only discoverable address for Defendant's registered agent. ECF No. [17] at 9–10. Plaintiff was required to effect service upon *Defendant*, and there was another address available for *Defendant*.

Similarly, Florida Statutes, § 48.062(2) provides that "[a] domestic limited liability company or registered foreign limited liability company may be served with process required or authorized by law by service on its registered agent." Here, Plaintiff did not serve Michael Carbonara, Defendant's registered agent, ECF No. [13-3], and the individual identified in the summons. ECF No. [3]. Instead, Plaintiff served Dylan Shurluck, an individual that appears to have been at the address of the registered agent. ECF No. [8]. This is not tantamount to serving the registered agent. *See, e.g.*, *RCI Hosp. Holdings, Inc. v. Junkyard Saloon/Bombshell's Tavern LLC*, No. 619CV972ORL37EJK, 2020 WL 1934187, at *2 (M.D. Fla. Apr. 22, 2020) ("Effective service of process is not achieved by serving any person you find working at the same address as the registered agent— you must serve an employee of the registered agent." (citation omitted)); *Colonial Van Lines, Inc. v. AAA Colonial Van Lines, Inc.*, No. 6:24-CV-188-JSS-EJK, 2024 WL 4025227, at *3 (M.D. Fla. Sept. 3, 2024) (holding the following service insufficient: "Here, Plaintiff did not serve AAA Colonial's registered agent. Instead, Plaintiff served the registered agent's adult co-resident, Sandra T., at the registered agent's residential address."); *McDermott v. El Sol Media Network, Inc.*, No. 6:22-CV-999-PGB-DAB, 2022 WL 20651179, at *2 (M.D. Fla. Aug. 12, 2022) (holding the following service insufficient: "Instead of serving the registered agent, however, the process server served the 'Receptionist,' Deana Garcia, without first attempting to serve the corporate heads, officers, directors, or registered agent before serving his receptionist at the registered agent's address.").

Even if Michael Carbonara was not at his registered address during the times required, Plaintiff's options were to serve an employee at the corporation's principal place of business or an employee of the registered agent, and there is no indication that Dylan Shurluck fell into either of those categories. See *Sierra Holding, Inc. v. Sayner*, 469 So.2d 239, 240 (Fla. 4th DCA 1985);

*Richardson v. Albury*, 505 So.2d 521, 522–23 (Fla. 2d DCA 1987). As such, the Court finds service deficient.

The Eleventh Circuit has instructed that improper service is not cured merely because a Defendant had "actual notice of the lawsuit." *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("A defendant's actual notice is not sufficient to cure defectively executed service." (citation omitted)). In fact, an individual or entity "is not obliged to engage in litigation unless [officially] notified of the action . . . under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999); *see also Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("[B]efore a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant . . . [t]here also must be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant."); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (pointing out that a defendant is not required to take action in a case until "service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." (citing Fed. R. Civ. P. 4(a))).

Failing to respond where one was not obliged to respond is not intentional or reckless disregard for judicial proceedings. *S.E.C. v. Johnson*, 436 F. App'x at 945 (quoting *Compania Interamericana*, 88 F.3d at 951). Thus, regardless of any actual notice, the Court finds that default cannot be appropriate where service was improper.

**B. Meritorious Defenses**

While a defendant must provide more than "bald assertions" that it has a meritorious defense, even a "hint of a suggestion" can suffice to set aside a default. *Bibb Cnty. Sch. Dist. v. Dallemand*, No. 16-CV-549, 2019 WL 2492281, at *3 (M.D. Ga. June 13, 2019) (citations

7

omitted). A defendant need not show that these defenses are likely to succeed for them to be deemed "meritorious." *Rodriguez v. Brim's Food, Inc.*, No. 13–cv–20600, 2013 WL 3147348, at *3 (S.D. Fla. June 19, 2013). Instead, the defendant is merely "required to set forth, in its motion, a 'clear and specific statement of a meritorious defense that is supported by a recitation of facts.'" *Rolyn Companies, Inc. v. R & J Sales of Texas, Inc.*, No. 08-61618-CIV, 2009 WL 10667734, at *3 (S.D. Fla. July 30, 2009) (citation omitted).

Here, Defendant has provided more than a hint of a suggestion. Defendant explains that in December 2025, it identified two suspicious transactions. ECF No. [13-1] at 5. It issued a request for information ("RFI") to Plaintiff regarding the source and destination of the monies, and Plaintiff never responded to the RFI. *Id*. Defendant then issued another RFI and a know-your-customer information ("KYI") request to Plaintiff. *Id*. Defendant then spoke with an individual named "Ali" who purported to be a representative of Plaintiff to discuss these transactions, but this individual either would not or could not provide sufficient information concerning the source and destination of the monies. *Id*. Defendant deemed this a violation of the KYI protocols and anti-money laundering protocols, so it retained the moneys in a separate account due to concerns of money laundering, an act expressly permitted by the Master Services Agreement. *Id*. at 5–6. On February 4, 2026, Defendant initiated the termination procedures set forth in the Master Services Agreement, which provide for a 180-day wind down period. *Id.* at 6. This lawsuit was filed well within that wind down period. *Id*.

Those allegations are sufficient to show that Plaintiff may not be entitled to all that it seeks to recover in this lawsuit. Defendant has provided a clear and specific statement of its defenses to liability and damages and supports that with a recitation of the facts. As such, the Court finds that

8

Defendant has shown meritorious defenses.[2]

### C. Prejudice

In assessing prejudice to the non-defaulting party, the relevant inquiry "is whether prejudice results from the *delay*, not from having to continue to litigate the case." *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009). When a case "is in its earliest stages," allowing it to proceed is consistent with the Eleventh Circuit's "strong preference that cases be heard on the merits." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).

Here, the Court does not find any discernible prejudice to Plaintiff from the delay in litigating this case. Plaintiff explains that "[t]he time and expense of prosecuting a suit that seeks only to delay the repayment of funds undeniably owing to [Plaintiff] is prejudicial," but this is precisely the sort of hardship that courts do not view as undue prejudice. *See Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (finding, on a motion to set aside a default, "no prejudice to the plaintiff where the setting aside of the default has done no harm to plaintiff except to require it to prove its case."). That is, requiring Plaintiff to prove its case is not cognizable prejudice. Plaintiff

---

[2] The Court acknowledges Plaintiff's argument that Defendant's failure to attach a proposed answer dooms its Motion to Set Aside Default. ECF No. [17] at 6. However, Plaintiff does not provide—and the Court is not independently aware of—any binding authority requiring the filing of a proposed answer. Indeed, Federal Rule of Civil Procedure 55(c) merely requires "good cause," which the Court finds can be established through a motion. Here, insofar as Defendant has adequately provided a meritorious defense in its Motion to Set Aside Default, the Court does not find the filing of a proposed answer strictly necessary. *See, e.g.*, *Reynolds v. Romero*, No. 4:25-CV-3197, 2026 WL 554568, at *1 (D. Neb. Feb. 26, 2026) (granting a motion to set aside entry of default where the defendant did not attach a proposed answer); *United States v. Alsol Corp.*, No. CIV. 13-0380 KSH, 2014 WL 46775, at *7 (D.N.J. Jan. 2, 2014) (same); *Adavco, Inc. v. Deertrail Dev. LLC*, No. 1:23-CV-00695-JLT-SKO, 2025 WL 18856, at *5 (E.D. Cal. Jan. 2, 2025) (same); *Sosa v. Bridge Store, Inc.*, No. 1:10-CV-01494-OWW, 2011 WL 1332049, at *3 (E.D. Cal. Apr. 6, 2011) (same)

has pointed to no harm resulting from any *delay* here, nor could it do so, as this case remains in its infancy. As such, the Court finds no prejudice to Plaintiff.

Because the Court finds good cause to set aside entry of default, Plaintiff's Motion for Default Judgment is denied as moot.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     Defendant's Motion to Set Aside Default**, ECF No. [13]**, is **GRANTED**.

2.     Plaintiff's Motion for Default Judgment, **ECF No. [12],** is **DENIED AS MOOT**.

3.     The Clerk's Entry of Default, **ECF No. [10]**, is **VACATED**.

4.     Defendant shall file its Answer to the Complaint **by July 31, 2026**.

5.     The parties shall file their Joint Scheduling Report, as required by the Court's Order Requiring Scheduling Report and Certificates of Interested Parties, ECF No. [4], by **August 10, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 24, 2026.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record